IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-736-FL

| | |
|---|---|
| JOHN R. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. DE's-22 & 24. The time for filing any responses or replies has expired, and, therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation.

For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff filed concurrent applications for supplemental security income and disability insurance benefits on June 8, 2009, alleging disability beginning February 20, 2009. Tr. 58-59, 62. His claim was denied initially and upon reconsideration. *Id.* at 58-61. A hearing was held

before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated June 2, 2011. *Id*. at 11-19. The Social Security Administration's Office of Disability Adjudication and Review denied Plaintiff's request for review on September 14, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1. Plaintiff filed the instant action in November 2012. DEs-1, 6.

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive….

42 U.S.C. § 405(g). "Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Before a court can determine whether a decision is supported by substantial evidence, however, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). While the ALJ is not required to discuss each and every piece of evidence in the record, *Aytch v. Astrue*, 686 F. Supp. 2d 590, 598-99 (E.D.N.C. 2010), without a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. *Arnold v. Secretary of Health, Ed. and Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). Remand is therefore appropriate where an ALJ fails to discuss relevant evidence that weighs against her decision. *Ivey v. Barnhart*, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987)).

## ANALYSIS

The Social Security Administration has promulgated the following regulations establishing a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b).[1] If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20

---

[1] The five step analysis applies to both supplemental security income and disability insurance benefits. *Compare* 20 C.F.R. Part 404 subpart P *with id.* Part 416 subpart I. For simplicity, only 20 C.F.R. Part 404, which governs disability insurance benefits, is cited herein.

> C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

*Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). The ALJ followed the sequential evaluation in this case. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 30, 2009. Tr. 13. At step two, the ALJ found that Plaintiff had the following severe impairment: degenerative disc disease. *Id*. at 14. The ALJ then determined that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work with postural restrictions. *Id*. at 15. Specifically, the ALJ found that Plaintiff could:

> sit, stand, and walk for up to 6 hours in an 8-hour day, can lift 20 pounds occasionally, and can lift and carry 10 pounds frequently. He is able to climb ladders occasionally.

*Id.* The ALJ then found that Plaintiff was able to perform past relevant work as a sales clerk. *Id*. at 17. As an alternative finding, based on the testimony of a vocational expert, the ALJ found that there were also other jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 18. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*. at 19.

Plaintiff raises three central objections to the ALJ's assessment of the evidence. Plaintiff argues that the ALJ erred by failing to consider and weigh the disability rating that the Department of Veterans Affairs ("VA") awarded Plaintiff. DE-23 at 9-10. In addition, Plaintiff

---

[2] An individual's RFC is what that person can still do despite physical and mental impairments. 20 C.F.R. § 404.1545(a).

contends that the ALJ improperly evaluated the medical opinion evidence in disregarding Plaintiff's treating provider's opinion and failing to mention medical opinion evidence provided by other professionals. *Id.* at 10-12. Finally, Plaintiff argues that the ALJ improperly evaluated his credibility. *Id.* at 12-15. For the reasons discussed below, the undersigned agrees with Plaintiff's first two objections and recommends remand.[3]

**The ALJ Erred In Failing to Discuss the VA's Disability Rating**

On January 28, 2010, Plaintiff received a rating decision from the VA. Tr. 202-205. The VA granted Plaintiff a "service connection for right lower extremity sciatic nerve neuropathy . . . with an evaluation of 10 percent," and continued Plaintiff's prior "10 percent disabling" rating for his lumbar interverbral disk syndrome.[4] Tr. 202. The ALJ does not mention the VA rating decision in her opinion. *E.g.*, Tr. 11-19.

Social Security Ruling 06-03p states:

> Our regulations … make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner …. However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies …. Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

*Id.*, 2006 WL 2329939, at *6 (Aug. 9, 2006); *see also* 20 C.F.R. § 404.1512(b)(5) (listing other governmental decisions as "evidence" to be considered). The SSA specifically cites "the

---

[3] Accordingly, the undersigned declines to address Plaintiff's final assignment of error. *See Powell v. Astrue*, No 5:09-cv-290, 2010 WL 3075526, at *4 (E.D.N.C. Jul. 16, 2010) (declining to address other arguments when recommending remand based on ALJ's failure to provide adequate analysis of treating physician's opinion), *adopted by* 2010 WL 3075522 (E.D.N.C. Aug. 5, 2010).

[4] As to the first impairment, "[a]n evaluation of 10 percent is assigned for incomplete paralysis of foot movements which is mild." Tr. 203. As to the interverbral disk syndrome, "[a]n evaluation of 10 percent is assigned when the evidence shows painful motion, a limitation of motion as a result of pain, [some limited range of motion], muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour…." Tr. 205.

Department of Veterans Affairs" as an example of an agency whose determination should be considered. SSR 06–03p; *see also Winston v. Astrue,* No. 4:11–CV–1–FL, 2011 WL 7024959, at *4 (E.D.N.C. Dec. 9, 2011), *adopted by* 2012 WL 112599 (E.D.N.C. Jan. 12, 2012). Thus, while the VA's determination here is not binding upon the Commissioner, the ALJ is nonetheless required to consider it: "Decisions by other agencies as to the disability status of a Social Security applicant are considered so probative that the ALJ is required to examine them in determining an applicant's eligibility for benefits." *Alexander v. Astrue*, No. 5:09-cv-432, 2010 WL 4668312 (E.D.N.C. November 5, 2010); *see also Watson v. Astrue*, No. 5:08-CV-553, 2009 WL 2423967 (E.D.N.C. August 6, 2009) (ordering remand when ALJ failed to analyze prior NCDHHS decision).

In addition, the Fourth Circuit has recently reaffirmed that "another agency's disability determination 'cannot be ignored,'" and held that an ALJ must give "substantial weight" to a VA disability rating unless the record "clearly demonstrates" that giving the rating less weight is appropriate. *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 343-44 (4th Cir. 2012) (quoting SSR 06-03p). The Commissioner seizes upon the fact that *Bird* post-dates the ALJ's decision, and argues that the ALJ "could not be expected to follow a decision that had not yet been issued." DE-25 at 9. While the Commissioner is correct that, pre-*Bird*, the ALJ would not have erred in failing to give the VA's rating *substantial* weight, the ALJ here neglected to discuss the VA rating at all. This abdication was then—and continues to be—error. Here, "the ALJ said nothing, and SSR-06-03p requires more than 'nothing.'" *Walton v. Astrue*, No. 7:09-cv-112, 2010 WL 2772498, at * 1 (E.D.N.C. Jul. 9, 2010).

The Commissioner alternatively contends that this error was harmless, and that remand is not necessary, because Plaintiff's 10% rating is so mild that it would actually support the ALJ's

finding of "not disabled" rather than a contrary finding. DE-25 at 10-12. As this Court has previously held, it "cannot 'create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.'" *Rackley v. Colvin*, 7:12-cv-189-BO, 2013 WL 5201363 at *2 (E.D.N.C. Sept. 13, 2013) (remanding due to ALJ's failure to explicitly mention or consider VA rating) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005)). This Court may not weigh the evidence and assume what the impact of the VA determination would be. *See Suggs v. Astrue*, No. 4:11-cv-128-FL, 2013 WL 466406, at *4 (E.D.N.C. Feb. 7, 2013) (rejecting argument that failure to consider VA disability determination is harmless error); *Watson*, 2009 WL 2423967 (same, with respect to state agency decision). The Court's only role is to determine whether the ALJ's decision applies that correct law and is supported by substantial evidence, and the ALJ's failure to explicitly address Plaintiff's VA disability rating makes this impossible. Accordingly, remand is warranted. *Batchelor v. Colvin*, --- F. Supp. 2d ----, 2013 WL 1810599, at *3 (E.D.N.C. Apr. 29, 2013) ("This court has repeatedly held that where an ALJ fails to mention disability determinations by other governmental agencies, this constitutes error necessitating remand to the Commissioner for further consideration and explanation."). Moreover, this omission is far from the ALJ's sole oversight. As discussed below, the ALJ likewise fails to address medical source opinions regarding Plaintiff's functional limitations, and misstates the record in her explanation for rejecting the opinion of Plaintiff's treating provider.

**The ALJ's Decision Fails to Adequately Assess Relevant Medical Opinion Evidence**

As previewed above, an ALJ is required to consider all relevant evidence and to sufficiently explain the weight he gives to probative evidence. *DeLoatche*, 715 F.2d at 150. An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the

7

case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R § 404.1527(b) & (c); *see also Nicholson v. Comm'r of Soc. Sec.*, 600 F. Supp. 2d 740, 752 (N.D. W.Va.2009). Medical opinions are "statements from physicians ... or other acceptable medical sources[5] that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). The SSA will give controlling weight to "a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

If a treating source medical opinion is not given controlling weight, the ALJ must consider the following factors in assessing what weight to assign to the opinion: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist.[6] 20 C.F.R. § 404.1527(c)(1)-(6); *see also Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ is not required to explicitly discuss each of these factors in her decision. *Warren v. Astrue*, No. 5:08-cv-149, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Nonetheless, the ALJ's decision must "contain specific reasons for the weight given …

---

[5] "Acceptable medical sources" are licensed physicians and licensed or certified psychologists and, for certain specified purposes, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1513(a).

[6] A medical source's opinion that a claimant is "disabled" or "unable to work" is not a "medical opinion" but is an opinion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d). Accordingly, an ALJ is not required to give "any special significance" to such an opinion, but must still evaluate the opinion and give it appropriate weight. *Id.*; *see also* SSR 96–5p, 1996 WL 374183, at *2, 5 (Jul. 2, 1996).

supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96–2p, 1996 WL 374188, at *5 (Jul. 2, 1996); *see also Farrior v. Astrue*, No. 7:10-cv-164, 2011 WL 3157173, at *4 (E.D.N.C. Jun. 1, 2011), *adopted by Farrior v. Astrue*, 2011 WL 3157150 (E.D.N.C. Jul. 26, 2011).

In addition, the ALJ must consider opinions of "other"—i.e., non-"acceptable" sources—such as those of a certified physician's assistant. 20 C.F.R. § 404.1513(d); *see also* SSR 06-03p. The same factors used to determine the weight to be accorded the opinions of physicians and other acceptable medical sources are applied in this context. 2006 WL 2329939, at *2-3 (Aug. 9, 2006) ("Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). Somewhat less rigor is required, however, of the ALJ's analysis of this evidence: "The adjudicator *generally should* explain the weight given to [such opinions], or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-03p, at *6 (emphasis added); *accord Hudson v. Colvin*, No 7:12-cv-269-FL, 2013 WL 6839672, at *5-9 (E.D.N.C. Dec. 23, 2013).

As discussed below, the ALJ's treatment of the opinions of Dr. Merana, Dr. Cavaliere, and Physician Assistant Battle does not comply with these standards.

**1. The ALJ's Reasons for Rejecting Dr. Marana's Opinion Misstate the Evidence.**

Plaintiff first argues that the ALJ erred in rejecting the opinion of Dr. Marana, Plaintiff's treating physician. DE-23 at 10-11. Specifically, the ALJ stated as follows:

> The claimant's treating physician, Dr. Marana, has provided a medical source statement dated May 9, 2010, indicating that the claimant is unable to perform the exertional demands of even sedentary work, that he cannot perform the mental demands of even low stress work, and that he cannot perform any work on a full time basis. The [ALJ] notes that the opinion of a treating physician is entitled to great weight and may be disregarded only if there is persuasive contradictory evidence. However, in this instance, the treating physician's opinion is not supported by the record. Dr. Marana stated that he has seen the claimant once a month for 10 years yet the claimant's first visit was in November, 2009. Also, Dr. Marana has not referred the claimant to any other specialists or performed any additional testing. His functional restrictions are not consistent with his treatment notes. Therefore, the [ALJ] gives little weight to this opinion.

Tr. 17 (internal citations omitted). The Commissioner argues that the ALJ's decision to give little weight to Dr. Marana's opinion is supported by the record, citing numerous examples. DE-25 at 12-15. These examples could provide ample and valid support for rejecting a treating source opinion, had the ALJ provided them in support of her decision. But she did not. As discussed above, neither the Commissioner nor this Court may rewrite an ALJ's decision retrospectively. *See Rackley*, 2013 WL 5201363 at *2.

And more importantly, as Plaintiff notes, the ALJ's stated rationales for rejecting Dr. Marana's opinion misstate the record. First, treatment records indicate that Dr. Marana had been treating Plaintiff at least since 2007, and before then as well: a December 3, 2007 record notes that Plaintiff was there "to <u>re-establish</u> care." Tr. 580 (emphasis added).[7] The ALJ's statement that Dr. Marana did not refer the claimant to other specialists is also incorrect. *See* Tr. 360 (July, 2010 record of neurosurgical evaluation "at the request of Dr. Marana"). The ALJ's related assertion that Dr. Marana did not "perform any additional testing" is likewise belied by the

---

[7] Perhaps not coincidentally, the *topmost* of one section of Dr. Marana's treatment records in the transcript is dated November, 2009; medical records are often filed in reverse chronological order. *See* Tr. 573. Additionally, as Plaintiff points out, older medical records were not requested as part of the administrative record. DE-23 at 11. The Commissioner attempts to explain away the conflict by noting that the pre-November 2009 records were not for back pain, but the ALJ's decision makes no such distinction.

10

record evidence. First, records from Eastern Radiologists, who performed Plaintiff's lumbar myelogram on June 29, 2010, list Dr. Marana as the relevant physician. Tr. 369. Second, Dr. Marana's own treatment notes state that he ordered x-rays in April 2010, and a lumbar MRI in June, 2010. Tr. 454. In short, the ALJ's stated rationale for rejecting Dr. Marana's opinion indicates slipshod attention to the treatment records and is not supported by substantial evidence. Accordingly, remand is warranted for additional consideration and elucidation. *See Koonce v. Apfel*, No. 98-cv-1144, 166 F.3d 1209, 1999 WL 7864, at *2 (4th Cir. 1999) (although the weight an ALJ gives to an opinion "will generally not be disturbed," court may do so if there is "some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion").

> **2. The ALJ Erred In Failing to Consider and Discuss Functional Limitations Imposed by Plaintiff's Other Medical Providers**

Plaintiff additionally argues that the ALJ "completely omit[ed] mention and assessment of the opinions of" Dr. Cavaliere and Physician Assistant Battle, who treated Plaintiff at the VA Medical Center. DE-23 at 11; *see also* Tr. 191 (listing Ms. Battle as a provider Plaintiff sees on a regular basis); Tr. 431 (listing Dr. Cavaliere and Ms. Battle as providers and examiners offering diagnoses). The Commissioner does not respond to this argument, and the undersigned agrees with Plaintiff that the ALJ erred in neglecting to discuss the limitations suggested by these arguably treating providers. *Cf.* SSR 96-2p (ALJ must address and explain weight given to treating providers); SSR 06-03p (ALJ must ensure that reviewer can follow reasoning in consideration of "other" medical source opinions).

Dr. Cavaliere, who is listed as Plaintiff's primary care provider at the VA Medical Center, signed an employer letter dated April 24, 2009 stating that Plaintiff "has a condition of the lower spine which prevents him from heavy lifting or standing for long periods of time.

11

Shiftwork that entails lifting or standing greater than 4 hours should be avoided while his spinal condition is being evaluated and treated." Tr. 297-98. VA Physician Assistant Battle similarly provided a letter in August 2010 stating that Plaintiff's "condition of the lower spine that prevents him from heavy lifting and <u>standing for long periods of time</u>. Any activities that entails [sic] heavy lifting or *standing for greater than 3-4 hours should be avoided*." Tr. 441-42 (emphasis added). These records plainly constitute "medical opinions" that reflect judgments about the nature and severity of [a claimant's] impairment(s), including . . . what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

The ALJ would have been free to reject these opinions, so long as she supported her decision with substantial evidence, but she was not free to ignore them entirely. *See Hudson*, 2013 WL 6839672, at *8 ("[The ALJ's] silence regarding them raises the question whether he even considered this evidence, notwithstanding his boilerplate representations that he considered all the evidence."). This is particularly so in light of the fact that these opinions contradict the ALJ's conclusion that Plaintiff could stand and walk up to 6 hours out of an 8 hour day. *See* SSR 96-8p (An ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."). Accordingly, remand is warranted on this basis as well. *Farrell v. Astrue*, 692 F.3d 767 (7th Cir. 2012) ("Matters would be different if the ALJ had confronted Dr. Beyer's opinions and had explained why he was rejecting them. But he did not.").

## **CONCLUSION**

In sum, an ALJ is free to discount or reject evidence that he considers—but if he does, he must "say so and . . . explain why." *Smith v. Heckler*, 782 F.2d 1176, 1181 (4th Cir. 1986);

12

*accord Arnold*, 567 F.2d at 259. Here, the ALJ's failure to discuss the VA rating, along with the opinions of two medical providers regarding Plaintiff's functional limitations, makes review of her decision impossible. "It may be, of course . . . that the ALJ considered all of these factors and proposed to [her]self cogent reasons for disregarding them. However, on this record [I] cannot so determine." *DeLoatche*, 715 F.2d at 150. Moreover, the ALJ's misstatements of evidence in her discussion of the weight given to Dr. Marana's opinion render it unsupported by substantial evidence. *See Regans v. Colvin*, No. 5:12-cv-239, 2013 WL 1844516, at *5 (E.D.N.C. Mar. 28, 2013) (recommending remand where ALJ neither discussed medical opinion with enough specificity nor cited substantial evidence in support of the weight given), *adopted by* 2013 WL 1844259 (E.D.N.C. May 1, 2013).

Accordingly, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U. S. C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, January 13, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE